```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF GEORGIA
                      ATLANTA DIVISION
```

| | |
|---|---|
| ROSE MARY HILL-EVANS, : | |
| Appellant, :  | CIVIL ACTION |
| v.   : | NO. 1:14-CV-3890-WSD-ECS |
| CAROLYN W. COLVIN, : | |
| Acting Commissioner of Social : | |
| Security : | |
| Respondent. : | |

## FINAL REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, proceeding pro se, initiated this action on December 8, 2014, by filing a complaint and an application to proceed in forma pauperis, which the undersigned granted. [Docs. 1, 2]. In the complaint, Plaintiff sought judicial review of a final decision of the Acting Commissioner of Social Security (the "Commissioner"). See generally [Doc. 3]. On April 2, 2015, upon the Commissioner's filing of an answer and the transcript of the administrative record, the undersigned entered an Order directing Plaintiff to file her brief on or before May 4. [Doc. 8]. Plaintiff did not do so, and, on June 2, the undersigned ordered Plaintiff to show cause within fourteen days as to why this action should not be deemed abandoned. [Doc. 9]. Plaintiff was also directed to file her brief within that same time frame if the case were not abandoned. Plaintiff was warned that the

failure to show cause or file her brief would result in a recommendation that this action be dismissed. To date, Plaintiff has neither responded to the Show Cause Order nor filed her brief.

Rule 41(b) of the Federal Rules of Civil Procedure provides the Court with discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "Dismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). "[D]ismissal may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." Phipps v. Blakeney, 8 F.3d 788, 790 (11th Cir. 1993). "However, when a litigant has failed to obey a direct order of the court[,] dismissal is appropriate." Sussman v. Salem, Saxon & Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S. Ct. 1386 (1962); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam); Silas v. Sears, Roebuck & Co., 586 F.2d 382, 385 (5th Cir. 1978));[1] see also LR 41.3(A)(2), NDGa ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a]

---

[1] Decisions of the Fifth Circuit rendered on or before September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

plaintiff or plaintiff's attorney shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case.").

The Eleventh Circuit has articulated a two-part analysis for determining when an action should be dismissed as a sanction: "[t]here must be both a clear record of wilful conduct and a finding that lesser sanctions are inadequate." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006). Findings satisfying both prongs must be made before dismissal is deemed an appropriate sanction. See Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005); Mingo v. Sugar Cane Growers Coop. of Fla., 864 F.2d 101, 102-03 (11th Cir. 1989) (per curiam).

In this case, Plaintiff has failed to respond to the Court's Show Cause Order or to file her brief. The undersigned can only conclude that Plaintiff's conduct amounts to willful noncompliance with an Order of this Court and willful abandonment of her Social Security appeal. Furthermore, in light of the undersigned's warning that continued noncompliance would result in a recommendation that this action be dismissed, the undersigned finds that any lesser sanction short of dismissal would be inadequate. See Elrod v. Chase Home Fin., No. 2:10-CV-098-RWS-SSC, 2010 WL 4638893, at *2 (N.D. Ga. Oct. 8, 2010) (recommending dismissal for pro se plaintiff's failure to file initial disclosures, certificate of interested persons, preliminary report and discovery plan, and for failure to comply

3

with two court orders), adopted, 2010 WL 4638890 (Nov. 5, 2010); Mazak v. Equifax Info. Servs. L.L.C., No. 1:09-CV-3628-TWT-RGV, 2010 WL 2985920, at *2-3 (N.D. Ga. June 17, 2010) (recommending dismissal for pro se plaintiff's failure to file preliminary report and discovery plan and certificate of interested persons and failure to obey two court orders), adopted, 2010 WL 2867831 (July 19, 2010); Medrano v. Am. Home Mortg. Servicing, No. 1:09-CV-1003-BBM, 2009 WL 2486313, at *2 (N.D. Ga. Aug. 12, 2009) (dismissing action when pro se plaintiff failed to respond to any court order or to keep an updated address on file).

The Court recognizes that Plaintiff is proceeding pro se, but a party's pro se status does not excuse noncompliance with the Court's procedural rules. See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909, 913-14 (11th Cir. 2010) (per curiam) ("'[P]rocedural rules in ordinary civil litigation' should not be interpreted 'so as to excuse mistakes by those who proceed without counsel.'" (quoting McNeil v. United States, 508 U.S. 106, 113 (1993))).

Accordingly, **IT IS RECOMMENDED** that this action be **DISMISSED** for Plaintiff's failure to comply with a lawful Order of this Court and willful abandonment of her Social Security appeal. See Fed. R. Civ. P. 41(b); LR 16.5 & 41.3(A)(2), NDGa.

4

**SO REPORTED AND RECOMMENDED,** this 23rd day of June, 2015.

*s/ E. Clayton Scofield III*
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)