## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ROSE MARY HILL-EVANS,

                **Plaintiff,**

   v.

COMMISSIONER OF SOCIAL
SECURITY,

            **Defendant.**

                                   **1:14-cv-3890-WSD**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge E. Clayton Scofield III's

Final Report and Recommendation [11] ("R&R"), recommending dismissal of this

action for Plaintiff Rose Mary Hill-Evans's ("Plaintiff") failure to comply with a

lawful order of the Court and willful abandonment of her Social Security appeal.

## I.    BACKGROUND[1]

On December 8, 2014, Plaintiff, *pro se*, filed an application to proceed *in

forma pauperis* [1], which the Magistrate Judge granted.  On December 10, 2014,

she filed her Complaint [1].  In it, Plaintiff seeks judicial review of a final decision

---

[1]    The facts are taken from the R&R and the record.  The parties have not
objected to any specific facts in the R&R, and the Court finds no plain error in
them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn,
993 F.2d 776, 779 n.9 (11th Cir. 1993).

of the Acting Commissioner of Social Security (the "Commissioner").  On

April 2, 2015, the Commissioner filed an Answer [6], and, that same day, the

Magistrate Judge entered an order [8] directing Plaintiff to file her brief on or

before May 4, 2015.  Plaintiff failed to do so, and, on June 2, 2015, the Magistrate

ordered Plaintiff, within fourteen (14) days, to show cause as to why this action

should not be deemed abandoned.  ([9]).  The Magistrate also ordered Plaintiff to

file her brief within that same time frame, and admonished Plaintiff that failure to

show cause or file her brief would result in a recommendation that this action be

dismissed.  To date, Plaintiff has neither responded to the show cause order nor

filed her brief.  Plaintiff also has not filed any objections to the R&R.

## II.    DISCUSSION

### A.    Legal Standard

After conducting a careful and complete review of the findings and

recommendations, a district judge may accept, reject, or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1);

Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S.

1112 (1983).  A district judge "shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

B.    Analysis

The local rules of this Court state that "[t]he court may, with or without notice to the parties, dismiss a civil case for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . .fail or refuse to obey a lawful order of the court in the case." L.R. 41.3(A)(2), N.D.Ga.  The Federal Rules of Civil Procedure also provide the Court with discretion to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Fed. R. Civ. P. 41(b). "[W]hen a litigant has failed to obey a direct order of the court[,] dismissal is appropriate." Sussman v. Salem, Saxon & Nielsen, P.A., 154 F.R.D. 294, 299 (M.D. Fla. 1994) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1962)).

The Magistrate Judge recommended dismissal of this action because Plaintiff has failed to respond to the Court's show cause order or to comply with his orders to file her brief.  (R&R at 3).  The Magistrate concluded that "Plaintiff's conduct amounts to willful noncompliance with an Order of this Court and willful

3

abandonment of her Social Security appeal."  (R&R at 3).  The Court agrees.  See

Medrano v. Am. Home Mortg. Servicing,  No. 1:09-cv-1003-BBM, 2009 WL

2486313, at *2 (N.D. Ga. Aug. 12, 2009) (dismissing action when *pro se* plaintiff

failed to respond to any court order or to keep an updated address on file).

Plaintiff's *pro se* status does not excuse noncompliance with the Court's

procedural rules.  See Kelly v. Old Dominion Freight Line, Inc., 376 F. App'x 909,

913-14 (11th Cir. 2010) (per curiam) ("'[P]rocedural rules in ordinary civil

litigation' should not be interpreted 'so as to excuse mistakes by those who

proceed without counsel.'" (quoting McNeil v. United States, 508 U.S. 106, 113

(1993))).  The Court finds no plain error in the Magistrate Judge's findings and

recommendation, and this action is required to be dismissed.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge E. Clayton Scofield

III's Final Report and Recommendation is **ADOPTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** under this

Court's Local Rule 41.3(A)(2) and Fed. R. Civ. P. 41(b) for Plaintiff Rose Mary

Hill-Evans's failure to comply with a lawful order of the Court and willful

abandonment of her Social Security appeal.

**SO ORDERED** this 5th day of November, 2015.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE